IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BNP PARIBAS, § | | |
| Plaintiff, § | | |
| § | CIVIL ACTION NO. H-15-0015 | |
| v. § | | |
| § | | |
| DAVID E. HONEYCUTT, § | | |
| Defendant. § | | |

## **MEMORANDUM AND ORDER**

The case is now before the Court on the Supplemental Motion for Summary Judgment on Legal Fees ("Motion for Fees") [Doc. # 15] filed by BNP Paribas ("BNPP"), to which Defendant David E. Honeycutt filed a Response [Doc. # 16], and Plaintiff filed a Reply [Doc. # 18]. Plaintiff filed "Additional Evidence of Plaintiff's Attorney Fees" [Doc. # 20] regarding additional fees incurred after the Motion for Fees was filed. Having reviewed the full record and applicable legal authorities, and having considered the parties' arguments at the hearing on May 18, 2015, the Court **grants** the Motion for Fees.

### **I.     BACKGROUND**

On July 27, 2007, BNPP made loans totalling $17 million to Beckville Properties, LLC ("Beckville"). On March 19, 2008, Defendant executed a Guaranty in favor of BNPP, in which Defendant unconditionally guaranteed payment on

Beckville's indebtedness, subject to a limit of $4 million. On December 13, 2013, Defendant entered into a Settlement Agreement in which he ratified and reaffirmed the Guaranty. Defendant also acknowledged in the Settlement Agreement that the unpaid balance due on the Beckville loans (exclusive of enforcement costs) was $703,354.22, and he agreed to pay that amount by December 31, 2014.

In the Settlement Agreement, Defendant specifically agreed that "any additional attorney fees and expenses arising out of any subsequent failure to pay" the indebtedness under the Settlement Agreement "shall be reasonable and necessary, and Honeycutt agrees not to contest them." *See* Settlement Agreement, attached to Motion for Judgment on the Pleadings [Doc. # 12], p. 2 (p. 94 of 133).

Defendant Honeycutt failed to make timely payment under the Settlement Agreement. Plaintiff filed this lawsuit, and by Order [Doc. # 17] entered April 22, 2015, the Court granted judgment on the pleadings in favor of Plaintiff against Defendant. Plaintiff now seeks to recover attorneys' fees in the amount of $71,840.11.

## II.   ANALYSIS

Plaintiff seeks to recover attorneys' fees under the Settlement Agreement and pursuant to § 38.001 of the Texas Civil Practice and Remedies Code. Section 38.001 provides that a person "may recover reasonable attorney's fees from an individual or

corporation, in addition to the amount of a valid claim and costs, if the claim is for . . . an oral or written contract." TEX. CIVIL PRAC. & REM. CODE § 38.001(8). Section 38.001 requires that the requested fees be reasonable, but does not require a showing that the fees were necessary. *See Cordova v. Southwestern Bell Yellow Pages, Inc.*, 148 S.W.3d 441, 446 (Tex. App. – El Paso 2004, no pet.).

To recover attorney's fees under § 38.001, "a party must (1) prevail on a cause of action for which attorney's fees are recoverable, and (2) recover damages." *Green Int'l, Inc. v. Solis*, 951 S.W.2d 384, 390 (Tex. 1997). Plaintiff has satisfied each of these requirements. Therefore, this Court has no discretion to deny attorneys' fees, but has discretion to determine the amount of fees to be awarded. *See Ventling v. Johnson*, __ S.W.3d __, 2015 WL 2148056, *8 (Tex. May 8, 2015) (citing *Bocquet v. Herring*, 972 S.W.2d 19, 20 (Tex. 1998)).

Defendant argues that Plaintiff has failed to demonstrate that the requested fees are reasonable. In the Settlement Agreement, however, Defendant affirmatively waived his right to contest the amount of fees. Waiver is the "intentional relinquishment of a known right or intentional conduct inconsistent with claiming that right." *Jernigan v. Langley*, 111 S.W.3d 153, 156 (Tex. 2003). In the Settlement Agreement, Defendant, who was represented by counsel, intentionally agreed to forego his right to object to the amount of future attorneys' fees incurred by Plaintiff

should Defendant fail to comply with his payment obligations. As a result, Defendant waived that right and cannot object to the reasonableness of the requested fees.

Additionally, even if Defendant had not waived the right to challenge the amount of fees, the Court has carefully reviewed the fee request and finds that the claimed fees are reasonable. The amount of reasonable fees is a question of fact. *See Intern. Sec. Life Ins. Co. v. Spray*, 468 S.W.2d 347, 349 (Tex. 1971). Where, as here, the attorney has presented uncontroverted, detailed evidence regarding the requested fees, the reasonableness is presumed to be true if the opposing party had the opportunity to refute the evidence and failed to do so. *See Ragsdale v. Progressive Voters League*, 801 S.W.2d 880, 882 (Tex. 1990). In this case, Plaintiff has presented detailed time records supporting the reasonableness of the fee request. The records reflect billing judgment. For example, several hours worked by an associate with the law firm are not charged to Plaintiff. There are no charges for work performed before Defendant advised Plaintiff that he would not make the payment required under the Settlement Agreement. There is no indication of duplicate work. The number of hours and the hourly rate are neither excessive nor unreasonable. The Court finds that the amount of fees requested is reasonable, particularly in light of the size of the indebtedness and the history of the parties' dealings with each other. Plaintiff is entitled to recover its requested fees.

## III.  CONCLUSION AND ORDER

Defendant in the Settlement Agreement waived his right to contest the reasonableness of the fees incurred in collecting under the Guaranty.  Even if Defendant had not waived the right to challenge the amount of fees requested, the Court finds that the amount of fees charged to Plaintiff by its attorneys was reasonable.  As a result, it is hereby

**ORDERED** that the Supplemental Motion for Summary Judgment on Legal Fees [Doc. # 15] is **GRANTED** and Plaintiff is awarded **$71,840.11** in fees.  It is further

**ORDERED** that counsel for Plaintiff shall submit by **May 26, 2015**, a proposed Final Judgment consistent with the Court's rulings in this case.

SIGNED at Houston, Texas, this **19th** day of **May, 2015**.

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE